FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

2016 MAR -3 PM 3:47

XL SPECIALTY INSURANCE CO. & ASPEN SPECIALTY INSURANCE CO.
a/s/o GALATI YACHT SALES, LLC.,

Plaintiff,

CASE NO.: 8:16 cv 519 T 24 MAP

vs.

WILLIAM JOULE MARINE TRANSPORT, INC,

Defendant.

______________________________/

**COMPLAINT**

Plaintiff, XL SPECIALY INSURANCE CO. ("XL") AND ASPEN SPECIALTY INSURANCE CO. ("ASPEN") (collectively "PLAINTIFFS,") as subrogees of Galati Yacht Sales, LLC, sues Defendant, WILLIAM JOULE MARINE TRANSPORT, INC ("WJMT"), and states as follows:

1. At all material times hereto, XL is an insurance company incorporated in and under the laws of the State of Delaware.

2. At all material times hereto, ASPEN is an insurance company incorporated in and under the laws of the State of North Dakota.

3. At all material times hereto, WJMT was a common carrier by motor vehicle subject to jurisdiction under 49 U.S. Code Chapter 135, and subject to the Interstate Commerce Act.

4. At all material times hereto, Galati Yacht Sales, LLC ("GYS") was and is a Florida limited liability company doing business under the laws of the State of Florida, with its principal place of business located at 900 South Bay Boulevard, Anna Maria, Florida.

TPA-35296 $400

5. This is an action for damages greater than $10,000.00, exclusive of interest and costs. Jurisdiction over this civil action is appropriate pursuant to 28 U.S. Code § 1337. This court has supplemental jurisdiction over related claims pursuant to 28 U.S. Code § 1367.

6. GYS ordered a 2014 Cruiser Yachts 48 Cantius, equipped with specialized add-ons (the "Vessel"), to promote at boat shows and events for the spring of 2014.

7. GYS hired WJMT, to transport the Vessel by truck from Illinois to Florida on or about March 6, 2014.

8. While the Vessel was in WJMT's care custody and control, WJMT's driver passed under a bridge that was too low, causing extensive damage to the Vessel, thereby causing PLAINTIFFS to sustain damages by virtue of payment of a substantial sum of money to resolve CYS's property damage claim under its policy of insurance with PLAINTIFFS.

9. At all times material hereto, GYS assigned its deductible interest to PLAINTIFFS, pursuant to a subrogation receipt.

10. By virtue of the payment to GYS and by way of subrogation, PLAINITFFS, individually and for use and benefit of GYS is entitled to assert and maintain these claims against the Defendant, WJMT.

**<u>COUNT I</u>**

**<u>Claim for Damage to Cargo Pursuant to the Carmack Amendment 49 U.S.C. § 14706</u>**

11. PLAINTIFFS re-allege and incorporate paragraphs 1-~~8~~ 10 as if fully restated herein.

12. Pursuant to 49 U.S. Code § 14706, WJMT, as receiving carrier, delivering carrier, or carrier over whose line or route the transported property sustained actual damage, is liable for the damage to the Vessel.

13. The damage to the Vessel press directly caused a loss of $523,755 to PLAINTIFFS.

14. All rights to recover under the Carmack Amendment or otherwise by GYT have been assigned to PLAINTIFFS.

**COUNT II (in the alternative)**
**Claim for Breach of Contract**

15. In alleging Count II of its Complaint, the Plaintiff incorporates herein paragraphs 1-10 above.

16. WJMT had an agreement with GYS to deliver the Vessel to a specified location, on or about March 6, 2014.

17. GYS performed all conditions precedent to bringing this claim.

18. WJMT breached its agreement with GYS by failing to deliver the Vessel to its destination in good condition.

19. WJMT's breach of its agreement proximately caused PLAINTIFFS to sustain damages.

20. GYS has made a demand for payment from WJMT, and WJMT has failed to pay and/or refused the same.

**COUNT III (in the alternative)**
**Claim for Negligence**

21. DMT re-alleges and incorporates Paragraphs 1 through 10, as if fully stated herein.

22. 18. WJMT owed GYS a duty to take reasonable precautions during the transport of the Vessel.

23. WJMT breached its duty to GYS by passing under a bridge with insufficient clearance for the vessel.

24. WJMT's acts and/or omissions resulted in the foreseeable and substantial damage to the Vessel.

**COUNT IV (in the alternative)**
**Claim for Bailment**

25. Plaintiff re-alleges paragraphs 1 through ~~8~~ 10 as if fully set forth herein.

26. At all times material hereto, WJMT held itself to the public at large, including GYS, as a common carrier by motor vehicle.

27. At all times material hereto, WJMT became a bailee for hire by accepting the Vessel in exchange for monetary compensation.

28. At all times material hereto, WJMT had independent and temporary exclusive possession, control and custody of the Vessel.

29. At all times material hereto, WJMT had a duty to exercise reasonable care and diligence in protecting and safeguarding the Vessel while in WJMT's care, custody and control.

30. At all times material hereto, WJMT breached its duty to exercise reasonable care and diligence in protecting and safeguarding the Vessel from damage.

31. As a direct and proximate result of WJMT's material breach of the bailment relationship between the parties, the Vessel was damaged.

WHEREFORE, Plaintiffs, XL SPECIALTY INSURANCE CO. and ASPEN SPECIALTY INSURANCE CO. respectfully requests this Court to award it damages in the amount of $523,755 plus interest, costs, and such other and further relief as this Court deems just and proper.

Respectfully submitted,

**ROBERT B. BIRTHISEL**
Florida Bar Number: 906654
**JULES V. MASSEE**
Florida Bar No.: 0041554
jmassee@hamiltonmillerlaw.com
**STACEY L. PAPP**
Florida Bar No.: 041817
spapp@hamiltonmillerlaw.com
**MICHAEL E. SPAIN**
Florida Bar Number: 115170
mspain@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
100 S. Ashley Drive, Suite 1210
Tampa, Florida 33602
Tel: 813-223-1900 / Fax: 813-223-1933
**E-SERVICE:** CBBserve@hamiltonmillerlaw.com
*Attorneys for Plaintiff*